UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSICA STOCKWELL
AS NEXT FRIEND OF G.S.

        Plaintiff,         Case No. 18-13735-BC

v

        Honorable Thomas L. Ludington

DEPOSITORS INSURANCE CO.,

        Defendant.
_____/

**ORDER DENYING MOTION FOR REMAND**

Plaintiff Jessica Stockwell is appearing as next friend of Garon Swoffer, a minor. Plaintiff alleges that on March 7, 2014, a dog bit Swoffer at the home of Kent C. Armstrong, Jr. Notice of Rem., Ex. A, ECF No. 1. at 2. Plaintiff brought a tort action against Armstrong in the Michigan Circuit Court for the County of Isabella. *Id.* She brought a separate state action against Defendant Depositors Insurance Company ("Nationwide") seeking declaratory judgment also in Isabella County Court. Nationwide is Armstrong's home owner's insurance provider and denied coverage to Armstrong because Plaintiff was present in the Armstrong residence attending a day care business operated by Mr. Armstrong's wife. *Id.*; ECF No. 5 at 4. Plaintiff contends that the incident is covered under Armstrong's policy and that consequently, Nationwide has a duty to indemnify Armstrong. ECF No. 1 at 3. Nationwide contends that the policy excludes insurance coverage when the claim for damages arises from a business being conducted at the insured location.

On November 30, 2018, Nationwide filed a notice of removal from Isabella County Court to this Court on diversity grounds. ECF No. 1. The next month, Plaintiff filed a motion for remand. Pl.'s Mot. for Rem., ECF No. 6. Plaintiff argues that removal is improper because exercising federal jurisdiction over claims for declaratory judgment is discretionary and the Court should not

exercise jurisdiction. *Id.* at 6–7. She also contends that Armstrong is a necessary party whose addition to the case would compromise diversity. *Id.* at 12. Lastly, she argues that complete diversity does not currently exist between the two parties. *Id.* Nationwide filed a response to Plaintiff's motion, but Plaintiff did not file a reply. Def.'s Resp., ECF No. 13.

For the following reasons, Plaintiff's motion will be denied.

## I.

Plaintiff filed her complaint in Michigan state court pursuant to Michigan Court Rule 2.605 which grants a court the power to enter declaratory judgment. ECF No. 6 at 6; Mich. Ct. R. 2.605. Plaintiff states that "[p]resumably, if this Court is going to hear this matter then it would need to do so pursuant to the declaratory judgment statute 28 U.S.C. Sec. 2201." *Id.* 28 U.S.C. § 2201 provides:

> [A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). A federal court is not required to exercise jurisdiction pursuant to § 2201. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). The statute "created an opportunity, rather than a duty" for district courts to exercise jurisdiction over a type of dispute that would otherwise be beyond their reach. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

When determining whether to exercise jurisdiction pursuant to § 2201, a court must consider five factors:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Bituminous*, 373 F.3d at 813 (citing *Scottsdale Ins. Co.*, 211 F.3d 964). Each of the five factors will be addressed in turn.

**A.**

The first factor is "whether the judgment would settle the controversy." *Id.* at 813. From the outset, it must be determined what the term "controversy" means. The Sixth Circuit analyzed this question and identified two general categories of cases. *Scottsdale v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). One line of cases focuses on whether the judgment would settle only the controversy concerning insurance coverage. *W. Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396–97 (6th Cir. 2006); *Northland Ins. Co. v. Stewart Title & Guar. Co.*, 327 F.3d 448, 453–54 (6th Cir. 2008); *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1065–66 (6th Cir. 1987); *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986). The other line of cases focuses not only on the controversy concerning insurance coverage, but also on the underlying controversy before the state court. *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271–72 (6th Cir. 2007); *U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 F. App'x 562, 564–65 (6th Cir. 2006); *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 813–14 (6th Cir. 2004); *Grand Trunk W. R.R. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984). After categorizing these two lines of cases, the Sixth Circuit explained

> The difference between these lines of cases appears to rest on the competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible. However, the contrary results in these cases might also be explained by their different factual scenarios.

*Flowers*, 513 F.3d at 555.

The court then distinguished the case *Bituminous* from *Northland*. In *Bituminous*, the court explained that the issue of insurance coverage also implicated the underlying state court issues and accordingly, the federal court decided not to exercise jurisdiction. *Id.* at 555–556. By contrast, resolution of the issue of insurance coverage in *Northland* would not affect issues in the underlying state court proceedings. The court noted that "neither the scope of the insurance coverage nor the obligation to defend was before the state court." *Northland*, 327 F.3d at 449.

Not surprisingly, the Parties here characterize the term "controversy" differently. Plaintiff describes the controversy as being broader than the contract question of insurance coverage. ECF No. 11 at 8. Instead, she argues that this Court retaining jurisdiction would not resolve the "ultimate controversy" because "if the case were remanded to the State Court it will most likely be joined with the underlying tort action where all issues could be resolved." *Id.* By contrast, Nationwide characterizes the "controversy" as the issue of insurance coverage and not including the underlying state court action. ECF No. 13. It argues that a judgment would resolve the controversy between Plaintiff and Nationwide, specifically whether Nationwide "has any legal obligation to provide coverage to Defendant's insured." *Id.* Concerning the underlying state court action, Nationwide posits that "there may still be legal and factual issues to decide between Plaintiff and defendants in her state action…[b]ut those issues are wholly separate and distinct from any legal issues involving Defendant." *Id.*

The facts of this case are more analogous to those of *Northland* than they are to *Bituminous*. Plaintiff has not demonstrated that resolving the issue of insurance coverage has any effect on the merits of the state tort proceedings. The sole issue of this declaratory action is whether according to the terms of the insurance contract, Armstrong was operating a business when the dog bit

Swoffer. The issue does not implicate the determination of duty, breach, causation, or any other related issues in the underlying state court tort proceedings.

Plaintiff further argues that a judgment would not resolve the ultimate issue because the "insured is not a party to this litigation." ECF No. 11 at 8. This was a factor in *Bituminous* that weighed in favor of remand. In that case, the plaintiff, Shields, was injured while delivering wood for the defendant, J.L. During the state court proceedings, the defendant's insurance company, Bituminous, brought a declaratory judgment action in federal court arguing that it was not required to indemnify the defendant, J.L. The court determined:

> [A] declaration of insurance coverage would not resolve the controversy. Although a declaratory judgment would settle the controversy between Bituminous and J & L, Shields was not made a party to the declaratory judgment action. Therefore, any judgment in the federal court would not be binding as to him and could not be res judicata in the tort action. Regardless of the judgment rendered in the declaratory judgment action, Shields would be entitled to pursue third-party recovery from Bituminous in Kentucky state court if he were successful in his tort action.

*Bituminous*, 373 F.3d at 814.

The procedural posture of this case differs somewhat from that of *Bituminous* because the plaintiff rather than the insurance company is seeking the declaratory judgment on the issue of insurance coverage. However, this has significant ramifications for Plaintiff, specifically the question of why Plaintiff is bringing this claim rather than Armstrong, the insured. Plaintiff is not a party to the insurance contract between Nationwide and Armstrong. Instead, she is an injured party seeking recovery from Armstrong for an alleged tort violation. She cannot recover under the insurance contract solely because she may benefit from its fulfillment. "Not every person incidentally benefitted by a contractual promise has a right to sue for breach of that promise…Thus, only intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor." *Schmalfeldt v. North Pointe Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003) (citing *Brunsell v. Zeeland*, 651 N.W.2d 388 (2002)) (holding that the plaintiff was

not a third-party beneficiary of the insurance contract between defendant and its insurer). Some states have enacted direct action statutes permitting an injured third-party to bring a claim against a tortfeasor's insurance provider. However, Plaintiff has brought a declaratory action, not a direct action.

In consideration of the above, the first factor weighs in favor of retaining jurisdiction.

**B.**

The second factor is "whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue." *Bituminous*, 373 F.3d at 813. This factor frequently parallels the first factor. "Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 523 F.3d at 557 (citing *Bituminous*, 373 F.3d at 814; *Northland Ins.*, 327 F.3d at 454). A declaratory judgment would "clarify the legal relations at issue" because as explained above, it would determine whether Plaintiff is the appropriate party to be bringing this claim.

**C.**

The third factor is "whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata." *Bituminous*, 373 F.3d at 813. Plaintiff filed the action for declaratory relief and claims that "[t]his factor does not appear to be in play in this matter." ECF No. 6 at 9. To the contrary, the factor is "in play" because Plaintiff did not file this declaratory relief action for the purpose of "procedural fencing." She is not seeking declaratory relief to receive a judgment that would interfere with her tort action. Doing so would be against her own self-interests. Nor is Nationwide using the action for "procedural fencing" because it did not bring the claim. Since neither party is using the declaratory action for such a purpose, the third factor weighs in favor of retaining jurisdiction.

**D.**

The fourth factor is "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction." *Bituminous*, 373 F.3d at 813. When analyzing this fourth factor, there are an additional three factors to consider:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Plaintiff argues that the facts of this action contain many factual issues that are involved in the underlying state case. However, she actually identified a factual issue important to the resolution of the case, specifically whether Armstrong was operating a business when his dog bit Swoffer. The separate question of Armstrong's liability is not at issue because it is related to the tort action, not to the declaratory action.

Plaintiff has also not demonstrated that the state court is in a better position to evaluate the factual issues. She argues that "[a]ll of these issues and how they apply as to the insurance contract involve interpretations of state law and not federal. Arguably an Isabella County Court would be more familiar and in a better position to resolve these same issues." *Id.* The Isabella County Court may be more familiar with state insurance law, but familiarity alone does not place the court in a better position to make these determinations. Nationwide removed this case on the basis of diversity jurisdiction and is entitled to be heard in federal court. Simply because a state court may be more familiar with the law than a federal court does not overturn the fundamental principles of

diversity jurisdiction. Furthermore, the issues in this case are not "particularly novel or complex issues of state law" and as such "there is no good reason why a declaratory judgment action in this Court would not be as effective as a similar action in state court." *Acuity v. Advance Plating & Finishing, Inc.*, 2016 WL 10514740 at *3 (W.D. Mich. 2016). They do not require a determination "on previously undetermined questions of state law." *Bituminous*, 373 F.3d at 815.

Plaintiff notes that retaining jurisdiction would cause friction with the state court because the declaratory action "was on course to be joined with the underlying tort claim in an attempt to try to resolve this matter." ECF No. 6 at 11. However, as explained above, it is uncertain whether Plaintiff is the appropriate party to bring this claim. As such, the declaratory action should not be joined with the tort claim.

In consideration of the above, the fourth factor weighs in favor of retaining jurisdiction.

**E.**

The fifth factor is "whether there is an alternative remedy that is better or more effective." *Bituminous*, 373 F.3d at 813. Plaintiff argues that "[o]bviously, there is an alternative remedy…[I]t would be more effective and an efficient form of justice if this matter were joined with the underlying tort action." ECF No. 6 at 11. As noted above, the fact that Plaintiff is not the insured merits resolution. Remanding the case to have it joined with the tort action would not be more efficient, especially now that the Court has already familiarized itself with the issues. If it were joined with the underlying state tort action, it would make the matter even more complicated and increase the potential for confounding the distinct and separate issues between the tort action and the declaratory action.

In consideration of the above, the fifth factor weighs in favor of retaining jurisdiction.

**II.**

Plaintiff argues that this case will not be diverse for long because Armstrong is a necessary party and his joinder would destroy diversity. However, federal jurisdiction is determined at the time of removal from state court and cannot be destroyed by a later joinder. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal.") Accordingly, there is no issue of compromising diversity.

### III.

Plaintiff argues that this case lacks diversity pursuant to 28 U.S.C. § 1332(c)(1)(A) which provides

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen;

28 U.S.C. § 1332(c)(1)(A). In *Ljuljdjuraj v. State Farm Mutual Auto. Ins. Co.*, the Sixth Circuit explained

> The direct action proviso was designed to prevent local tort suits from overwhelming the federal courts. The proviso was adopted by Congress in response to state laws in Louisiana and Wisconsin that permitted injured plaintiffs to sue directly the insurers of tortfeasors without joining the tortfeasors as defendants. These state "direct action" statutes created diversity jurisdiction where none had previously existed, since the (usually local) tortfeasors were not present in the suit to destroy complete diversity between the plaintiffs and the (usually out-of-state) insurers. The result was "a flood of essentially local lawsuits clogging already crowded district court dockets."

774 F. 3d 908, 910 (6th Cir. 2014) (citations omitted). This "direct action" proviso only applies when the plaintiff is suing the tortfeasor's insurer on the issue of liability. *Estate of Monahan v. Am. States. Ins. Co.*, 75 Fed. Appx. 340, 343 (6th Cir. 2003) ("Section 1332(c)(1) refers to

situations where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, *on the issue of liability*.") (emphasis added).

Nationwide contends that Plaintiff has not brought a direct action on the issue of liability, but instead a declaratory action on the issue of indemnity. ECF No. 13 at 18. Plaintiff herself represents that she "filed this declaratory judgment action in State Court primarily seeking indemnity under the home owner's policy issued by Defendant on behalf of Kent Armstrong." ECF No. 6 at 5. She asks that "[w]hile this action may not be a classic 'direct action' it should be treated as such." *Id.* at 13. However, she provides no authority supporting her request that her declaratory action be construed as a direct action. Granting such a request has significant consequences because it would bring the action within the ambit of 28 U.S.C. § 1332(c)(1)(A) and destroy diversity between the parties. Her motion will be denied and federal jurisdiction will be exercised.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's motion to remand, ECF No. 6, is **DENIED**.

Dated: January 31, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge